UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

RICHARD DOUGLAS,

 Plaintiff,

v.              CASE NO.:

ATLANTIC GIFTS, INC., d/b/a
CHRISTINA'S BEACHWEAR &
GIFTS, A FLORIDA CORPORATION,
MICHEL HANNA, INDIVIDUALLY,
AND ELENA HANNA,

 Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY

 Plaintiff, RICHARD DOUGLAS ("Plaintiff"), by and through the undersigned counsel, sues the Defendants, ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS, a Florida Corporation, MICHEL HANNA, individually, and ELENA HANNA, individually (hereinafter collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

 1. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b), 29 U.S.C. §§ 207(a) and 29 U.S.C. §215(a)(3).

 2. The Fair Labor Standards Act was passed in 1938. Its principle purpose was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to the maintenance of minimum standards of living necessary for health, efficient, and the general well-

1

being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).

3. Section 7(a) of the FLSA requires payment of time-and-one-half an employee's regular hourly rate whenever a covered employee works in excess of forty (40) hours per work week. 29 U.S.C. § 207(a).

4. The liquidated damages provision of the FLSA constitutes a congressional recognition that failure to pay the statutory minimum on time may be so detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and the general well-being of workers and to the free flow of commerce, that double payment must be made in the event of a delay in order to insure restoration of the worker to that minimum standard. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

5. To the extent any partial payments have been made by Defendants to Plaintiff of the disputed amounts at the time of the filing of this complaint, this action seeks to recover judgment in favor of Plaintiff and against Defendants as well as all remaining damages, including but not limited to liquidated damages and reasonable attorneys' fees and costs. *Id.*

## JURISDICTION AND VENUE

6. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et *seq.*, hereinafter called the "FLSA") to recover unpaid back wages, an additional equal amount as

liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs, as well as recover damages for retaliation under 29 U.S.C. §215(a)(3).

7. The Jurisdiction of the Court over this controversy is based upon 28 U.S.C. §1331 and 29 U.S.C. §216(b).

8. Venue is proper in this judicial district given a substantial part of the events or omissions giving rise to this claim occurred in Volusia County, Florida.

## PARTIES

9. At all times material hereto, Plaintiff was and continues to be a resident of Volusia County, Florida.

10. Plaintiff was employed by Defendants as an hourly paid employee from on or around April 2013, to when he was officially terminated on June 25, 2020.

11. Defendant, ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS, is a Florida Corporation that operates and conducts business in Volusia County, Florida and is therefore, within the jurisdiction of this Court.

12. At all rimes relevant to this action, MICHEL HANNA, is an individual resident of the State of Florida, who owns and operates ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS. By virtue of having regularly exercised that authority on behalf of ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S

BEACHWEAR & GIFTS, MICHEL HANNA, is an employer as defined by 29 U.S.C. § 201, *et seq*.

13. At all times relevant to this action, ELENA HANNA, is an individual resident of the State of Florida, who owns and operates ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS, and who regularly exercised the authority to: (a) hire and fire employees; (b) determine the work schedules for the employees; and (c) control the finances and operations of ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS. By virtue of having regularly exercised that authority on behalf of ATLANTIC GIFTS, INC., d/b/a CHRISTINA'S BEACHWEAR & GIFTS, ELENA HANNA, is an employer as defined by 29 U.S.C. § 201, *et seq*

## COVERAGE

14. At all times material hereto (the last three years), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

15. At all times material hereto (the last three years), Plaintiff was an "employee" of Defendants within the meaning of FLSA.

16. At all times material hereto (the last three years), Defendants were Plaintiff's "employer" within the meaning of FLSA.

17. At all times material hereto, Defendants were and continue to be an enterprise engaged in the "production of goods for commerce," within the meaning of the FLSA.

18. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

19. At all times material hereto (the last three years), Defendants were and continue to be "an enterprise engaged in commerce," or in the production of goods for commerce within the meaning of Section 203(s)(1) of the FLSA, in that the company had two or more employees:

   a. Engaged in commerce; or

   b. Engaged in the production of goods for commerce; or

   c. Handling, selling or working on goods or materials that have been moved in or produced for commerce. (i.e. bathing suits, shirts, sweatshirts, beach toys/supplies, towels, souvenirs, cash registers, and/or credit card readers).

20. Therefore, Defendants are an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

21. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of using credit card readers.

22. The parties entered into a tolling agreement on August 5, 2020, which retroactively tolled Plaintiff's Statute of Limitations on August 4, 2020.

## STATEMENT OF FACTS

23. On or about April 2013, Defendants hired Plaintiff to work as a sales associate.

24. Plaintiff was a non-exempt hourly paid employee.

25. Plaintiff routinely worked for Defendants in excess of forty (40) hours within a work week as part of his job duties.

26. Plaintiff was never compensated at the rate of one and one-half times his regular rate for those that Plaintiff worked in excess of forty (40) hours per week, as required by the FLSA. *See* sample of Plaintiff's pay and time records from each relevant year attached as **Exhibit "A."**

27. As a result of these policies, Plaintiff was not properly compensated his overtime pay under the FLSA.

28. Plaintiff should have been compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week, as required by the FLSA.

29. On several occasions, Plaintiff complained to Defendants regarding their failure to properly compensate him for his overtime hours worked.

30. Throughout his employment, Plaintiff continued to complain to Defendants, but no corrective actions were ever taken.

31. In late June 2020, Plaintiff was scolded by Defendant, Michel Hanna after Defendant, Michel Hanna learned that Plaintiff was speaking with other employees about their entitlement to overtime compensation.

32. On June 25, 2020, Plaintiff was terminated.

33. On June 26, 2020, Plaintiff presented Defendants a letter requesting his overtime compensation.

34. Plaintiff then emailed his letter to Defendants.

35. A few hours later, Defendant, Michel Hanna called Plaintiff's mortgage lending company to find out "if everything went well" with Plaintiff's loan.

36. Defendant, Michel Hanna then emailed Plaintiff's mortgage lending company to inform them that Plaintiff no longer worked for Defendants.

37. At no point did Plaintiff's lending company ever request any further information from Defendants. Defendant, Michael Hannah's communications were completely unsolicited.

38. On June 30, 2020, Defendants responded to Plaintiff's June 26, 2020, letter by threatening Plaintiff with unnamed and baseless lawsuits if Plaintiff chose to litigate his claims for overtime compensation.

39. Based upon the above practices, Defendants violated the FLSA by failing to pay Plaintiff proper overtime pay for all hours worked.

40. Based on upon the above practices, Defendants violated the FLSA by retaliating against Plaintiff for pursuing his right to unpaid overtime wages.

## COUNT I
### VIOLATION OF 29 U.S.C. §207 OVERTIME COMPENSATION

41. Plaintiff re-alleges and reavers paragraphs one (1) through forty (40) of the Complaint, as if fully set forth herein.

42. From on or around April 2013, until June 25, 2020, Plaintiff routinely worked in excess of forty (40) hours per week for which Plaintiff was not

compensated at the statutory rate of one and one-half times his regular rate of pay for each of his overtime hours worked.

43. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for each hour worked in excess of forty (40) hours per work week.

44. Defendants had knowledge of the overtime hours worked by Plaintiff.

45. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

46. Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

47. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

48. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, RICHARD DOUGLAS, demands judgment against Defendants for the payment of all unpaid overtime wages for which Defendants did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court

determines to be just and appropriate.

## COUNT II
## RETALIATION IN VIOLATION OF §215(a)(3)

49. Plaintiff re-alleges and reavers paragraphs one (1) through forty (40) of the Complaint, as if fully set forth herein.

50. Plaintiff complained regarding his overtime hours worked and Defendants' policy that fails to pay proper overtime compensation.

51. Shortly after Plaintiff's complaints, Plaintiff's work environment deteriorated.

52. Despite no history of disciplinary action, write-ups, and/or poor performance reviews, Plaintiff was terminated in retaliation for his complaints related to unpaid overtime.

53. After Plaintiff formally requested his overtime compensation on June 26, 2020, Defendants contacted Plaintiff's mortgage lending company in attempt to prevent Plaintiff from receiving his home mortgage.

54. Defendants also responded to Plaintiff's request for overtime compensation by threatening to bring unnamed and baseless lawsuits against Plaintiff, if Plaintiff continued to seek his overtime compensation.

55. Defendants retaliated against Plaintiff because he complained about Defendants' unlawful pay practices.

56. Defendants' retaliatory conduct towards Plaintiff was willful as Defendants knew or should have known that its actions were in violations of 29 U.S.C. §215(a)(3).

57. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been damaged.

58. Plaintiff is entitled to an award of attorney's fees and costs pursuant to 29 U.S.C. §216(b).

**WHEREFORE**, Plaintiff, RICHARD DOUGLAS, seeks a judgment for Plaintiff and against Defendants for violation of 29 U.S.C. §215(a)(3); as well as back pay, an equal amount in liquidated damages, front pay, compensatory damages, punitive damages, reasonable costs and attorneys' fees and all other equitable relief this Court deems just.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Respectfully submitted this 6th day of October, 2020.

/s/: Ryan D. Naso
Ryan D. Naso, Esq.
Bar No.:1010800
Gregory Schmitz, Esq.
Bar No.: 0094694
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
Orlando, Florida 32801
Telephone: (407) 236-9175
Facsimile: (407) 245-3383
Email:    gschmitz@forthepeople.com
          rnaso@forthepeople.com
          mbarreiro@forthepeople.com
          egeorge@forthpeople.com
Trial Attorneys for Plaintiff